UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDREW A. BILLS and
BRYAN CARY,

        Plaintiffs,                      Case No. 25-cv-13446
                                               Hon. Jonathan J.C. Grey

v.

BRISTOLL, et al.,

        Defendants.
_____/

**OPINION AND ORDER (1) DISMISSING PLAINTIFF BRYAN CARY WITHOUT PREJUDICE, (2) DIRECTING CARY TO FILE A NEW COMPLAINT AS A SEPARATE CASE, (3) GRANTING LEAD PLAINTIFF ANDREW A. BILLS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*, AND (4) DIRECTING BILLS TO FILE AN AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiffs Andrew A. Bills and Bryan Cary have filed this prisoner civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiffs are confined at the Gus Harrison Correctional Facility in Adrian, Michigan. Plaintiffs were prescribed Suboxone as part of a Medication-Assisted Treatment (MAT) program for opioid addiction. (*Id.* at PageID.8–9.) They allege that they were removed from the MAT program after receiving

misconduct tickets for substance abuse. (*Id.*) They maintain that removal from the program poses a serious risk to their health and safety. (*Id.* at PageID.10.)

The Court will (1) sever Lead Plaintiff Bills' case and dismiss the complaint without prejudice as to Plaintiff Cary, (2) direct Cary to file a new complaint, alleging only those facts and claims that pertain to him, as a separate case, (3) require Bills to file an amended complaint alleging only those facts and claims that pertain to him, and (4) grant Bills' application for leave to proceed in forma pauperis.

## II. DISCUSSION

The joinder of claims, parties, and remedies is "strongly encouraged" where appropriate in the interest of judicial economy and fairness. Federal Rule Civil Procedure 20(a)(1) states that:

> [p]ersons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action.

However, there are "pervasive impracticalities associated with multiple-plaintiff prisoner litigation, which militates against permissive joinder

2

even if it were otherwise allowed by Rule 20(a)." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation omitted).

First, there are the potential difficulties arising from Fed. R. Civ. P. 11(a), which requires that all pro se plaintiffs sign every jointly filed document. Such difficulties include the "possibilit[y] that documents may be changed as they are circulated, or that prisoners may seek to compel prison authorities to permit them to gather to discuss the joint litigation." *Proctor*, 661 F. Supp. 2d at 780 (internal quotation marks and citation omitted). Additionally, if a separate filing were made by one plaintiff, he or she would need to serve the other plaintiffs under Fed. R. Civ. P. 5(a). Moreover, multiple-plaintiff pro se prisoner litigation "often results in pleadings [and other papers] being filed on behalf of plaintiffs without their consent." *Proctor*, 661 F. Supp. 2d at 780. "Some courts have also noted that jail populations are notably transitory, making joint litigation difficult." *Id.* (internal quotation marks and citation omitted). Finally, "[o]ther District Courts have also pointed to the need for resolution of individualized questions of fact and law surrounding the requirement for exhaustion of administrative remedies under 42 U.S.C. § 1997e(a)," as a factor that further complicates multiple-plaintiff pro se prisoner

3

litigation. *Id.* (internal quotation marks and citation omitted). In sum, prisoners are simply "not in the same situation as non-prisoner joint plaintiffs; prisoners' circumstances make joint litigation exceptionally difficult." *Id.* (internal quotation marks and citation omitted).

The Court may dismiss misjoined parties from an action, but misjoinder is generally not a sufficient basis to dismiss an entire case. *See* Fed. R. Civ. P. 21. Consequently, the Court will dismiss the complaint without prejudice as to Cary.

Under Fed. R. Civ. P. 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and "[i]n all other cases . . . [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's screening requirements for prisoner suits. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). In accordance with the Court's ruling regarding the severance of Bills' claims and the dismissal of the complaint as to the Cary, Bills is directed to file an amended complaint alleging only those facts and claims that pertain to him.

4

Bills also filed an application to proceed without prepayment of the filing fee. (ECF No. 2.) The Court has reviewed the financial information and will grant the application. Bills is still required to pay the full filing fee but may do so in installments. *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action . . . in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."). The Court sets forth the periodic payment schedule in section III of this opinion.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Bills' claims are severed from those of Cary.

**IT IS FURTHER ORDERED** that the complaint is dismissed without prejudice as to Cary.

**IT IS FURTHER ORDERED** that if Cary would like to maintain this action in a separate case, he shall file a new complaint alleging only those facts and claims that pertain to him. He shall also re-file any other applications or motions on the docket that pertain to him that he would like the Court to consider in his separate case.

**IT IS FURTHER ORDERED** that Bills' application to proceed without prepayment of fees (ECF No. 2) is **GRANTED**. The Court

5

**ORDERS** the agency having custody of Bills to forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent (20%) of the preceding month's income credited to Bills' account. (*See id.*) The Court will notify the agency having custody of Bills when he has paid the entire filing fee of $350.00.

**IT IS FURTHER ORDERED** that Bills shall file an amended complaint within thirty (30) days from the date of this order alleging only those facts and claims that pertain to him. Failure to do so may result in dismissal of this action without prejudice.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated:  December 18, 2025

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/ S. Osorio
Sandra Osorio
Case Manager
