UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANDREW A. BILLS,

               Plaintiff,                     Case No. 25-cv-13446
                                            Hon. Jonathan J.C. Grey

v.

BRISTOLL, et al.,

               Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND GRANTING PLAINTIFF'S REQUEST TO ADD DEFENDANT ASHLEY RODREGUEZ

## I.   INTRODUCTION

Plaintiff Andrew A. Bills, currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed this prisoner civil rights action under 42 U.S.C. § 1983. Bills was prescribed Suboxone as part of a Medication-Assisted Treatment (MAT) program for opioid addiction. He alleges his removal from the MAT program violated his rights under the First and Fourteenth Amendments.

For the reasons discussed, the Court **DISMISSES** Defendants Nurse Bristoll, MAT Line Staff, Warden Campbell, and Medical Staff in

Lansing.  The Court also **DISMISSES** Bills' claims alleging violations of the Due Process Clause and Equal Protection Clause.  The Court **GRANTS** Bills' request to amend the complaint to name Ashley Rodreguez as a defendant.

## II.    BACKGROUND

Bills and fellow prisoner Bryan Cary originally filed a joint complaint under 42 U.S.C. § 1983. (ECF No. 1.) They alleged that prison officials improperly removed them from the MAT program after they received misconduct tickets for substance abuse. (*Id.* at PageID.8–9.) According to the complaint, removal from the MAT program created a serious risk to their health and safety. (*Id.* at PageID.10.)

The Court dismissed Plaintiff Cary without prejudice under Federal Rule of Civil Procedure 21 and directed Bills to file an amended complaint within thirty days containing only facts and claims pertaining to him. (ECF No. 8.) Bills timely filed an amended complaint. (ECF No. 9.) "'An amended complaint supersedes an earlier complaint for all purposes.'" *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (quoting *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013)).

2

In the amended complaint, Bills raises claims against a single individual, Nurse Ashley Rodreguez. (ECF No. 9.) He alleges that Rodreguez and other unidentified nurses removed him from the MAT program without due process in retaliation for a lawsuit he previously filed against Rodreguez. (*Id.*) He also alleges that his removal from the program violated his right to equal protection. (*Id.*)

## III.  LEGAL STANDARD

Because Bills is proceeding in forma pauperis, his claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). The Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

The Court construes a pro se complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain

3

statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Id.* at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard fully applies to complaints filed by pro se plaintiffs. *See, e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a court's review of a complaint under § 1915(e)(2)(B) for failure to state a claim).

## IV.   DISCUSSION

### A.  Defendants Not Named in the Amended Complaint

Bills' amended complaint raises factual allegations against a single individual, Ashley Rodreguez. Rodreguez was not named as a defendant

in the original complaint. The Court construes the amended complaint as a request to add Rodreguez as a defendant and **GRANTS** the request.

Bills fails to satisfy the minimum pleading requirements as to Defendants Nurse Bristoll, MAT line staff, Warden Campbell, and Medical Staff in Lansing.  Although these individuals were named in the original complaint, that complaint has been superseded by the amended complaint. *See Calhoun*, 769 F.3d at 410. Bills' amended complaint contains no factual allegations describing how these individuals were personally involved in the alleged constitutional violations. Therefore, the complaint fails to make sufficient allegations to give these defendants fair notice of the claims. *Twombly*, 550 U.S. at 555.

A complaint must allege each defendant's personal involvement in the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights). Because Bills makes no specific allegation against these defendants in the amended complaint, the Court **DISMISSES** Defendants Nurse Bristoll, MAT line staff, Warden Campbell, and Medical Staff in Lansing

**B. Equal Protection**

Bills also alleges that his removal from the MAT program violated the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause requires that similarly situated individuals be treated alike. *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). A plaintiff may establish an equal protection violation either by showing discrimination based on membership in a protected class or by asserting a "class of one" claim— *i.e.*, that he was intentionally treated differently from others who were similarly situated without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Bills does not allege that he is a member of a protected class. To the extent his complaint may be construed as asserting a class-of-one claim, it still fails. Although Bills alleges that another prisoner was allowed to return to the MAT program after being removed for the same reason, he provides no factual allegations showing that the other prisoner was similarly situated to him in all relevant respects or that there was no rational basis for the alleged difference in treatment. Conclusory

6

allegations of disparate treatment, without supporting factual detail, are insufficient to state an equal protection claim. *See Iqbal*, 556 U.S. at 678.

Accordingly, Bills fails to state a plausible equal protection claim.

**C. Due Process**

Bills also alleges that his removal from the MAT program violated the Due Process Clause of the Fourteenth Amendment.

To state a due process claim, a plaintiff must first demonstrate the existence of a protected liberty or property interest. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Prisoners have narrower liberty and property interests than other citizens as "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Sandin v. Conner*, 515 U.S. 472, 485 (1995) (internal quotation marks and citation omitted). Prisoners generally do not have a constitutionally protected liberty interest in participating in prison rehabilitation or treatment programs, even where exclusion results in a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *see also Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that prisoners have no constitutional right to rehabilitation, education, or jobs).

Because Bills has no protected liberty interest in participating in the MAT program, his removal from the program does not implicate the Due Process Clause. His due process claim is therefore **DISMISSED**.

## V.    CONCLUSION

For the reasons stated above, the Court concludes that Bills fails to state a claim upon which relief may be granted against Defendants Nurse Bristoll, MAT Line Staff, Warden Campbell, and Medical Staff in Lansing. The Court also concludes that Bills fails to state a claim under the Fourteenth Amendment's Due Process Clause or Equal Protection Clause. However, Bills has alleged sufficient facts at this stage to allow his First Amendment retaliation claim against Defendant Ashley Rodriguez to proceed past the Court's initial screening.

Accordingly, **IT IS ORDERED** that Bills' request to amend the complaint to add Ashley Rodriguez as a defendant is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Nurse Bristoll, MAT Line Staff, Warden Campbell, and Medical Staff in Lansing are **DISMISSED**.

8

**IT IS FURTHER ORDERED** that Bills' claims under the Fourteenth Amendment's Due Process and Equal Protection Clauses are **DISMISSED**.

SO ORDERED.

<u>**s/ Jonathan J.C. Grey**</u>
Jonathan J.C. Grey
United States District Judge

Dated:  June 2, 2026

9

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2026.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager

10